**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

SERGEI IBRAGIMOV,

        Petitioner,

        v.

WARDEN, FOLKSTON ICE PROCESSING
CENTER,

        Respondent.

CIVIL ACTION NO.: 5:25-cv-75

---

**REPORT AND RECOMMENDATION**

Petitioner Sergei Ibragimov ("Ibragimov") failed to comply with the Court's July 30, 2025 directive.  Doc. 5.  As discussed in greater detail below, I **RECOMMEND** the Court **DISMISS without prejudice** Ibragimov's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, doc. 1, for failure to follow this Court's directive, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Ibragimov leave to appeal *in forma pauperis*.[1]

---

[1]    A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . .  To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond."  Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted).  A magistrate judge's Report and Recommendation provides such notice and opportunity to respond.  See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed).  This Report and Recommendation constitutes fair notice to Ibragimov his suit is due to be dismissed.  As indicated below, Ibragimov will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

**BACKGROUND**

On July 18, 2025, Ibragimov filed his 28 U.S.C. § 2241 Petition in the District Court for the Northern District of Georgia.  Doc. 1.  That court transferred Ibragimov's cause of action to this Court.  Doc. 2.  Upon the transfer, the Clerk of Court notified Ibragimov he had to either pay the requisite $5.00 filing fee or move to proceed *in forma pauperis* within 21 days of the July 30, 2025 directive.  Doc. 5.  There is nothing before the Court indicating this mailing was returned as undeliverable or otherwise failed to reach Ibragimov.  Ibragimov has not responded to this directive, either by paying the requisite fee or moving to proceed on an *in forma pauperis* basis, and the time to do so has elapsed.

**DISCUSSION**

The Court must now determine how to address Ibragimov's failure to comply with this Court's directive.  For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without prejudice** Ibragimov's Petition and **DENY** Ibragimov leave to appeal *in forma pauperis*.

**I.    Dismissal for Failure to Follow This Court's Directive**

A district court may dismiss a petitioner's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket.[2]  Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[3] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432

---

[2]    Based on Rule 1(b) of the Rules Governing Section 2254 Cases, the § 2254 Rules may be applied to § 2241 petitions.

[3]    In Wabash, the Court held a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  Nonetheless, in the case at hand, the Court advised Ibragimov his failure to pay the filing fee or move to proceed *in forma pauperis* would result in dismissal of this action.  Doc. 5.

F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal

of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal

Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also

Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th

Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R.

41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any

action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience

or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's

"power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt

disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir.

2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized

only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or

willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would

not suffice."  Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir.

2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62

F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir.

2007) (citing Morewitz, 62 F.3d at 1366).  By contrast, dismissal without prejudice for failure to

prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater

discretion in dismissing claims in this manner.  Taylor, 251 F. App'x at 619; see also Coleman,

433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this

action without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal

without prejudice for failure to prosecute where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff non-compliance could lead to dismissal).

With Ibragimov having failed to pay the filing fee or move to proceed *in forma pauperis* or otherwise comply with the Court's directive, the Court cannot proceed in this case. See 28 U.S.C. §§ 1914 & 1915.  Ibragimov was given notice of the consequences of his failure to follow the Court's directive, and Ibragimov has not made any effort to do so or to otherwise prosecute this case.  Thus, the Court should **DISMISS without prejudice** Ibragimov's § 2241 Petition, doc. 1, for failure to follow this Court's directive and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

II.    **Leave to Appeal *in Forma Pauperis***

The Court should also deny Ibragimov leave to appeal *in forma pauperis*.  Though Ibragimov has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.

Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Ibragimov's failure to follow this Court's directive, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Ibragimov *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DISMISS without prejudice** Ibragimov's § 2241 Petition for failure to follow the Court's directive, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Ibragimov leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to

file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the

objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United

States District Judge will make a de novo determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify, in

whole or in part, the findings or recommendations made herein.  Objections not meeting the

specificity requirement set out above will not be considered by the District Judge.  A party may

not appeal a Magistrate Judge's report and recommendation directly to the United States Court of

Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by

or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 24th day of September, 2025.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA